IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IJEOMA OKORO, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:24-cv-00812-N |
| v. | § | No. 3:21-cr-00435-N-8 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ORDER AND OPINION

Movant Ijeoma Okoro, a federal prisoner proceeding *pro se*, filed this motion to vacate, set aside or correct her federal sentence pursuant to 28 U.S.C. § 2255. For the reasons below, Okoro's § 2255 motion will be denied, and this action will be dismissed without prejudice as premature.

### Background

On December 7, 2023, a North Texas jury found Okoro guilty of conspiracy to commit wire fraud and conspiracy to commit money laundering. Crim. Doc. No. 420. On March 18, 2024, the Court sentenced Okoro to 120 months' imprisonment. Crim. Doc. No. 453. On April 2, 2024, Okoro filed a notice of appeal of the Court's judgment and sentence. Crim. Doc. No. 455. That same day, Okoro filed the instant motion to vacate, set aside or correct his sentence under § 2255, and this civil action was opened. Civ. Doc. No. 1. Okoro's direct appeal of the judgment and sentence remains pending in the Fifth Circuit Court of Appeals. *See United States v. Okoro*, No. 24-10290 (5th Cir. Filed Apr. 2, 2024).

### Discussion

The Fifth Circuit has long held that "a criminal defendant may not collaterally attack her conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016,

1019 (5th Cir. 1988); *see also Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (holding that a motion to vacate under § 2255 is "not entitled to consideration on the merits" when the direct appeal remains pending). "If a criminal defendant files a section 2255 motion during the pendency of a direct appeal, the collateral attack is generally considered premature, insofar as the collateral claims are not ripe or an appeal may render the collateral claims moot." *Dean v. United States*, 2020 WL 3335674, at *1 (E.D. Tex. May 28, 2020), *rec. accepted* 2020 WL 2020 WL 3288069 (E.D. Tex. June 18, 2020).

If the § 2255 motion is premature, the district court should dismiss the motion without prejudice. *See, e.g.*, *United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991) (holding that the district court correctly dismissed without prejudice the defendant's collateral attack on his conviction pending the outcome of his direct appeal); *see also* Rule 4(b) of the *Rules Governing Section 2255 Cases* (authorizing summary dismissal of a section 2255 motion based on the pleading and record of prior proceedings).

Because Okoro's direct appeal is still pending, her present § 2255 motion is not ripe for consideration on the merits and will, by separate judgment, be dismissed without prejudice to her ability to file a proper § 2255 motion, if necessary, after the Fifth Circuit decides his appeal.

## Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability as to Okoro's § 2255 motion. As explained, the motion is premature, and Okoro fails to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right"

and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

But, if Okoro does file a notice of appeal, she must either pay the appellate filing fee of $605.00 or move for leave to proceed *in forma pauperis* on appeal.

SO ORDERED this 15th day of October, 2024.

_____
DAVID C. GODBEY
CHIEF UNITED STATES DISTRICT JUDGE